No. 96-284

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

Plaintiff and Respondent,

v.

LEO G. LAUGHLIN,

Defendant and Appellant.

APPEAL FROM:   District Court of the Seventh Judicial District,
In and for the County of Dawson,
The Honorable Dale Cox, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

R.W. Heineman, Wibaux, Montana

For Respondent:

Joseph P. Mazurek, Attorney General, Elizabeth L.
Griffing, Assistant Attorney General, Helena,
Montana; Scott Herring, Deputy Dawson County
Attorney, Glendive, Montana

Submitted on Briefs: January 9, 1997

Decided:  February 20, 1997
Filed:

_____
Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.


Appellant Leo G. Laughlin (Laughlin) appeals the decision of the Seventh Judicial District Court, Dawson County, denying his motion to dismiss three charges of felony assault on the grounds that Laughlinþs arrest was illegal.  We affirm.

The sole issue on appeal is whether the District Court abused its discretion in concluding that Laughlinþs arrest was not illegal and, consequently, denying his motion to dismiss the charges.

The three charges of felony assault at issue in this case arose from a attempt by law enforcement officers to serve Laughlin with a misdemeanor arrest warrant.  Glendive police officer Ross Canen (Canen) was investigating a charge of misdemeanor criminal mischief against Laughlin, stemming from an incident in which Laughlin allegedly damaged the door to his estranged wifeþs apartment.  In investigating this charge, Canen repeatedly attempted to contact Laughlin.  He called Laughlinþs residence numerous times without response, went over to the residence once, and left a note on one of Laughlinþs two vehicles.  Canen also called Laughlin at work but, when he identified himself as a police officer, Laughlin hung up on him.  Canen then swore out a complaint for misdemeanor criminal mischief against Laughlin and, on the basis of this complaint, the Glendive city court judge issued a warrant for Laughlinþs arrest.  The arrest warrant specifically provided that "[b]ond is set at $250.00."

On March 27, 1995, Canen went to Laughlinþs place of employment to arrest him on the misdemeanor criminal mischief charge.  Because law enforcement had experienced difficulties in dealing with Laughlin in the past, Canen took two other officers with him.  At no time did any of the officers inform Laughlin that the arrest warrant they were attempting to execute provided that bond in the matter had been set in the amount of $250.

When the officers confronted Laughlin at work, Canen showed Laughlin the arrest warrant, told him that he, Canen, had tried to contact Laughlin several times without success, and informed Laughlin that he was under arrest.  Canen also advised Laughlin to come peacefully with the officers to make an appearance before the judge, warning him that if he resisted he would be sprayed with mace.  Laughlin stated that he would not go with the officers.

Canen again requested that Laughlin cooperate and Laughlin again refused.

The situation escalated when Laughlin pushed open a door, as if to attempt to leave, and then turned back to face the officers in a "boxerþs stance," with his fists up. Laughlin then ran at the officers with his head down and his arms swinging. Leaving aside the details of the ensuing struggle, suffice it to say that Laughlin was maced several times and all three officers received minor injuries before he was subdued. Laughlin was then transported to jail. He was released later that day after he posted the required $250 bond on the misdemeanor criminal mischief charge; however, he was later charged with three counts of felony assault pursuant to 45-5-202(2)(c), MCA, because the police officers were injured in the course of the arrest.

When he appeared before the District Court to answer to the charges of felony assault, Laughlin moved to dismiss the charges. He argued that the police had violated his constitutional rights by failing to inform him that bond had been set in the misdemeanor matter at $250, and by failing to give him an opportunity to instantly post the bond and thereby avoid the arrest. Laughlin therefore asserted that his arrest was illegal and, because the arrest was illegal, the charges should be dismissed. The District Court determined that the officers had no duty to inform Laughlin that bond had been set and, therefore, denied Laughlinþs motion to dismiss. Laughlin then entered into a plea bargain with the State by which he pled guilty to one count of felony assault but specifically reserved his right to appeal the denial of his motion to dismiss. We affirm on other grounds.

In his appeal, Laughlin attempts to impose on the police officers involved an affirmative duty to inform him that bail had been set in the underlying misdemeanor matter. This issue, however, is largely irrelevant to the charges from which Laughlin now appeals. Regardless of whether this Court determined that such a duty existed or not, that determination would not serve to excuse Laughlin from the felony assault charges stemming from his having resisted the arrest.

Laughlin seeks to prove that his misdemeanor arrest was unlawful due to several asserted constitutional violations. Since the arrest was unlawful, Laughlin argues, he was justified in resisting and, further, the State should be precluded from charging him with assault due to his resistance.

This theory must fail, however, because no individual in the State of Montana is ever justified in using force to resist an arrest by a police officer, regardless of whether the arrest was lawful or not. Section 45-3-108, MCA, provides:

> [a] person is not authorized to use force to resist an arrest which he knows is being made either by a peace officer or by a private person summoned and directed by

a peace officer to make the arrest, even if he believes that the arrest is unlawful and the arrest is in fact unlawful.

(Emphasis added.)  As the compilerþs comments in the annotations to the section explain:

[t]he purpose of this section on use of force in resisting arrest is to change the common-law rule that an illegal arrest could be resisted lawfully.  That rule encouraged resistance and breaches of the peace.  This section requires submission to arrest.  If the arrest is illegal (a determination which few citizens can make while being arrested), the arrestee should pursue civil and criminal remedies rather than resort to self-help . . . .

While this Court has not before had occasion to review this provision of the criminal code, its purpose and effect are evident from the plain language of the statute.  An individual is not entitled to resist regardless of the legality of an arrest.  Should the individual resist, he will not be excused from the consequences of his actions simply because the underlying arrest was unlawful.

While both Laughlin and the State argue the question of whether or not a peace officer has a duty to inform an individual if bond has been set prior to effecting an arrest, we need not address this question.  Even assuming, arguendo, that such a duty existed, and further assuming, arguendo, that the failure of the officers to fulfill the hypothetical duty rendered the arrest itself illegal, Laughlin was still statutorily prohibited from resisting the arrest.  Since Laughlinþs resistance of the misdemeanor arrest was illegal, the District Court did not err in refusing to dismiss the felony assault charges which arose from that wrongful resistance.

Affirmed.

/S/  WILLIAM E. HUNT, SR.


We Concur:

/S/  J. A.  TURNAGE
/S/  JAMES C. NELSON
/S/  TERRY N. TRIEWEILER
/S/  W. WILLIAM LEAPHART